IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO 04-0766-KD-C ) |
| COMPASS BANK, | ) ) |
| Defendant. | ) |

## ORDER

This matter is before the court on plaintiff's motion for leave to file amended complaint and memorandum in support (Doc. 65), defendant's objection to the motion (Doc. 78), plaintiff's motion for leave to file revised first amended complaint and memorandum in support (Doc. 92), and defendant's supplemental objection to motion for leave to file amended complaint. (Doc. 100). Plaintiff seeks to amend its complaint to "include additional factual allegations relating to the tolling of the statute of limitations based on fraudulent concealment" (Doc. 65) and to amend its complaint to reflect newly discovered evidence. (Doc. 92).

Plaintiff asserts that the amendments will not result in undue prejudice because the first motion was filed before the deadline set in this court's Rule 16(b) Scheduling order, discovery is still ongoing, and the amendments do not expand the scope of the case, introduce new causes of action, or require additional fact discovery but rather reflect newly discovered information obtained from defendant through the course of discovery. Plaintiff asserts that specific factual allegations supporting its negligence claim and fraudulent concealment allegations based upon the newly discovered information are added to the revised first amended complaint and that plaintiff has satisfied its pleading requirements.

Defendant objects that in the first amended complaint, plaintiff seeks to amend its complaint to attempt to support its contention that the three year statute of limitations should be tolled because of the alleged fraudulent concealment but that plaintiff has not supported this contention sufficiently under Alabama law or federal law and thus many parts of the first amended complaint should be stricken as superfluous, immaterial, impertinent or unnecessary. Defendant supplements its objection by stating that one allegation is false (identity of the teller supervisor who opened the account), and that other allegations regarding policies and procedures are mis-characterizations of evidence and testimony or are misleading.

The Rule 16(b) Scheduling Order set the deadline for amendment of pleadings as June 15, 2005 (Doc. 18). Plaintiff filed its first motion on June 15, 2005 and thus filed within the time frame. Plaintiff filed its second motion on July 22, 2005 and discovery did not conclude until September 15, 2005. (Doc. 18). Plaintiff and defendant both submit that the proposed amended complaint adds no new parties and no new theories or causes of actions. Also, defendant does not assert that it is surprised or prejudiced by the proposed amendments. Rather, defendant argues points that are more suitably addressed in an answer or an appropriate motion.

Accordingly, upon consideration of the foregoing, and because Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave shall be freely given when justice so requires", the motion to amend (Doc. 65) and the motion for leave to file revised first amended complaint (Doc. 92) are **GRANTED**.

**DONE** this the 11th day of January, 2006.

 s/ Kristi K. DuBose  
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**