**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| CONTINENTAL CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO 04-0766-KD-C |
| | ) | |
| COMPASS BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the court on the plaintiff's motion to strike defendant's fifth

affirmative defense as to <u>Code of Alabama</u> § 7-4-406, or in the alternative, motion to certify

question of state law to the Alabama Supreme Court (Doc. 244), defendant's response (Doc.

245) and plaintiff's reply (Doc. 251).  Upon consideration of the pleadings and for the reasons

set forth as follows, plaintiff's motion to strike defendant's fifth affirmative defense (Doc. 244)

is **GRANTED** and plaintiff's alternative motion to certify question (Doc. 244) is **DENIED**.

<u>Request for certification of question to the Alabama Supreme Court</u>

Defendant's fifth affirmative defense raises Ala. Code § 7-4-406(f) entitled "Customer's

duty to discover and report unauthorized signature or alteration", which states that

> (f) Without regard to care or lack of care of either the customer or the bank, a
> customer who does not within 180 days after the statement and the items or a
> legible copy or image of the items are sent to the customer, or within one year
> after the statement or items are otherwise made available to the customer
> (subsection (a)) discover and report the customer's unauthorized signature on or
> any alteration on the item is precluded from asserting against the bank the
> unauthorized signature or alteration. Without regard to care or lack of care of
> either the customer or the bank, a customer who does not within one year after the
> statement or items are sent or made available to the customer, discover and report
> any alteration on the back of the item or any unauthorized endorsement is
> precluded from asserting against the bank any such alteration or unauthorized

endorsement.  If there is a preclusion under this subsection, the payor bank may
not recover for breach of warranty under Section 7-4-208 with respect to the
unauthorized signature or alteration to which the preclusion applies.

Ala. Code 1975 § 7-4-406(f).

The "question" results from the interpretation of this statute by the Alabama Court of

Civil Appeals in SpanCom Services, Inc. v. SouthTrust Bank, N.A. 744 So. 2d 931 (Ala. Civ.

App. 1999) and the subsequent reliance upon that interpretation in Cagles, Inc. v. Valley

National Bank, 153 F. Supp 2d 1288 (M.D. Ala. 2001).  SpanCom extends this statute to cover

depository banks like Compass.       Plaintiff seeks certification on the question of whether this

code section applies to depositary banks such as defendant Compass Bank.  Plaintiff argues that

in AmSouth Bank, N.A. v. Reliable Janitorial Service, Inc., 548 So 2d 1365 (Ala. 1989) the

Alabama Supreme Court found that "[t]he purpose of the section is clearly to define the

responsibility of a customer to its drawee bank in respect to examining a statement of account

from the bank . . . ." Id. at 1368 quoting East Gadsden Bank v. First City National Bank, 291 So

2d 431 (Ala. Civ. App. 1973), and does not apply to depositary banks such as Compass. Id.

Plaintiff points out that the subsequent enactment of the 1995 version of the Alabama

Commercial Code did not alter this aspect of the rule.  See Off. Cmt. 5.  Defendant argues that

the question need not be certified because two cases, Span Com and Cagle's have directly

spoken to the issue and that this court should follow the example of the court in Cagle's .(Doc.

245).

The Alabama Rules of Appellate Procedure sets forth as follows:

(a) When Certified. When it shall appear to a court of the United States that there
are involved in any proceeding before it questions or propositions of law of this
State which are determinative of said cause and that there are no clear controlling

precedents in the decisions of the Supreme Court of this State, such federal court may certify such questions or propositions of law of this State to the Supreme Court of Alabama for instructions concerning such questions or propositions of state law, which certified question the Supreme Court of this State, by written opinion, may answer.

Ala. R. App. 18(a).

A question may be certified when it is "determinative" of the cause and "there are no clear controlling precedents in the decision of the Supreme Court of Alabama". Id.  As plaintiff points out, Span Com was not decided by the Alabama Supreme Court.  The final decision on the issue of the application of this statute to depositary banks comes from AmSouth which was decided by the Alabama Supreme Court and found the statute inapplicable to depositary banks, as follows:

> Section 7-4-406 governs a customer's duty to discover unauthorized signatures or alterations on items drawn on his account. Subsection (2) states the consequences if a customer "failed with respect to an item to comply with the duties imposed on the customer by subsection (1)" . . . This section refers repeatedly to items paid by the bank. Accordingly, § 7-4-406 does not, by its terms, apply to a depositary bank, which AmSouth is in these transactions, or to deposits that are never credited to the account.  The trial court's holding that § 7-4-406 embodies the full extent of the common law defense of account stated is, therefore, not strictly correct.

Id. at 1368 (Underlining added).  The amendment to this section of the Alabama Commercial Code has not altered the language in such a manner as to indicate any intent by the drafters to expand the section to include a depositary bank. See Off. cmt. 5 to Ala. Code § 7-4-406.

Upon consideration of the foregoing, the portion of the motion requesting certification of a question to the Alabama Supreme Court (Doc. 244) is **DENIED.**

Motion to strike defendant's fifth affirmative defense as to Alabama Code § 7-4-406.

Plaintiff moves the court to strike defendant's fifth affirmative defense which sets forth

as follows:

> For further answer to the Revised First Amended Complaint of the plaintiff,
> defendant avers that plaintiff's claims are in all respects barred by § 7-4-406(f) of
> the *Alabama Code*, inasmuch as neither plaintiff nor plaintiff's subrogor complied
> with the notice requirement set forth therein, and inasmuch as such statute is in
> the nature of a statute of repose with regard to checks as to which the notice
> requirements are not met.

(Doc. 232, p.18).

Plaintiff argues that it is inappropriate for defendant to assert this new affirmative

defense in response to plaintiff's revised first amended complaint because the amendment

conformed the complaint to the evidence but did not add any new causes of action.  Plaintiff

argues that discovery has been completed and to allow this late addition would violate the

purpose of Rule 15 of the Federal Rules of Civil Procedure "which is to ensure that both parties

are able to adequately prepare for their opponent's legal arguments" Id., and that allowing the

new unexpected affirmative defense to ambush the plaintiff would be prejudicial. (Doc. 244,

251).          Plaintiff also argues that the defense should be stricken as a matter of law under

Rule 12(f) of the Federal Rules of Civil Procedure as an "insufficient defense" because the

unambiguous language of Ala. Code § 7-4-406(f) refers only to a customer as being precluded

from asserting against its bank an unauthorized, altered, or forged signature but does not provide

a mechanism for a non-customer (SCI/Radney) to report to a depositary bank (Compass).

Defendant responds that Rule 15(a) allows defendant to respond to the amended

pleading.  Defendant responds that although the case law is varied, under the liberal pleading

standard applied in the Eleventh Circuit, see Mitchell v. Jefferson Co. Bd. of Educ., 936 F. 2d

539, 544 (11th Cir. 1991), its fifth affirmative defense is sufficient under Rule 12(f).  Defendant

responds that although plaintiff argues that its amendment did not add any new causes of action,

plaintiff's revised amended complaint added new averments which put at issue SCI's ability to

detect the  scheme and expanded the scope of the original cause by alleging fraudulent

concealment to toll the statute of limitation.  In response to plaintiff's argument that defendant

should not be allowed to introduce a never before seen affirmative defense, defendant argues that

it argued early in the litigation that SCI's failure to reconcile its books and appropriately notify

defendant of the fraud scheme when first discovered in 1999 contributed to SCI's loss.

Defendant argues that plaintiff is not surprised or prejudiced by the Ala Code § 7-4-406 defense.

(Doc. 245).

Defendant argues that its defense is sufficient as a matter of law because Span Com is

directly on point and has been applied by the court in Cagle's Inc.  Defendant argues that this

court is bound to follow the policy of the Eleventh Circuit, set forth as follows:

> As a federal court sitting in diversity, we apply the substantive law of the forum
> state. *Insurance Co. of N. America v. Lexow,* 937 F. 2d 569, 571 (11th Cir. 1991).
> In applying state law, we adhere to decisions of the state's intermediate appellate
> courts absent some persuasive indication that the state's highest court would
> decide the issue otherwise. *Id.* at 571.

Davis v. National Medical Enterprises, Inc., 253 F. 3d 1314, 1319 fn.6 (11th Cir. 2001).

Rule 12(f) allows this court to strike an "insufficient defense". Fed. R. Civ. P. Rule 12(f).

The Middle District of Florida, in IFC Credit Corp. v. Century Realty Funds, Inc., 2006 WL

435695 (M.D. Fla. 2006), recently addressed the issue of an insufficient defense and set forth a

cogent statement of the law, as follows:

> Federal Rule of Civil Procedure 12(f) allows a court to strike from a pleading
> "any insufficient defense, or any redundant, immaterial, impertinent, or
> scandalous matter." Harvey v. Home Depot, U.S.A., Inc., 2005 WL 1421170 * 1
> (M.D. Fla.2005). "To the extent that a defense puts into issue relevant and
> substantial legal and factual questions, it is 'sufficient' and may survive a motion
> to strike, particularly when there is no showing of prejudice to the movant."

5

Reyher v. Trans World Airlines, Inc., 881 F.Supp. 574, 576 (M.D.Fla.1995)
(citing Augustus v. Board of Public Instruction, 306 F.2d 862, 868 (5th
Cir.1962)). Moreover, striking a defense is a " 'drastic remedy [,]' which is
disfavored by the courts." Thompson v. Kindred Nursing Centers East, LLC, 211
F.Supp.2d 1345, 1348 (M.D.Fla.2002). A "court will not exercise its discretion
under the rule to strike a pleading unless the matter sought to be omitted has no
possible relationship to the controversy, may confuse the issues, or otherwise
prejudice a party." Reyher, 881 F.Supp. at 576. In evaluating a motion to strike,
the Court must treat all well pleaded facts as admitted and cannot consider
matters beyond the pleadings. Id. An affirmative defense will be held insufficient
as a matter of law only if it appears that the defendant cannot succeed under any
set of facts which it could prove. Reyher, 881 F.Supp. at 576 (citing Equal
Employment Opportunity Comm'n v. First Nat'l Bank, 614 F.2d 1004, 1008 (5th
Cir. 1980)).[1]

Id. at *3.

The court recognizes that striking an affirmative defense is a "drastic remedy". Id.
However, an affirmative defense is insufficient if the defendant "cannot succeed" on any "set of
facts which it could prove." Id.  As discussed, supra, the Alabama Supreme Court held in
AmSouth that Ala. Code § 7-4-406 "governs a customer's duty to discover unauthorized
signatures or alterations on items drawn on his account" and  "does not, by its terms, apply to a
depositary bank".  548 So. 2d at 1268.  Also, as previously stated, the amendment to this section
has not altered the language in such a manner as to indicate any intent by the drafters to expand
the section to include a depositary bank. See Off. Cmt. 5 to Ala. Code § 7-4-406; supra p. 3.
Regardless of any factual scenario defendant may proffer, it cannot change the fact that it is a
depositary bank and SCI/Radney was not its customer.  Therefore, on any "set of facts which it
could prove", defendant "cannot succeed" on an affirmative defense under Ala. Code § 7-4-406.

---

[1]  Decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding
precedent on the Eleventh Circuit. Bonner v. City of Prichard, Alabama, 661 F.2d 1206, 1209
(11th Cir.1981) (en banc).

IFC Credit Corp., 2006 WL 435695 at *3.  Accordingly, plaintiff's motion to strike defendant's fifth affirmative defense (Doc. 244) is **GRANTED.**

        **DONE** and **ORDERED** this the 5th day of March, 2006.


        **s / Kristi K. DuBose**
        **KRISTI K. DuBOSE**
        **UNITED STATES DISTRICT JUDGE**