IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CONTINENTAL CASUALTY COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO 04-0766-KD-C** |
| ) | |
| **COMPASS BANK,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This matter is before the court on plaintiff's statement of appeal of Magistrate Judge William E. Cassady's order of November 17, 2005 (Doc. 188) (Doc. 194), defendant's motion to strike the statement of appeal and supporting brief (Docs. 200, 201) and plaintiff's response. (Doc. 218). Upon consideration of the pleadings and for the following reasons, plaintiff's appeal (Doc. 194) is **DENIED** and defendant's motion to strike (Doc. 200) is **DENIED**.

<u>Plaintiff's statement of appeal</u>

Plaintiff raises three issues. First, plaintiff argues that Magistrate Judge Cassady erred in granting defendant's motion to exclude the opinion testimony of plaintiff's expert witness Charles L. Williams. Second, plaintiff argues that Magistrate Judge Cassady erred by denying plaintiff's emergency motion for leave to issue a subpoena to Williams and to substitute an expert witness. Third, plaintiff argues that exclusion of its expert witness could be dispositive of this case, if the court later rules at trial or before that it is required to adduce expert testimony to support its claims for relief, therefore, Magistrate Judge Cassady erred because he is not authorized to address a dispositive issue. (Doc. 194).

Pursuant to FED. R. CIV. P. Rule 72(a), in reviewing a Magistrate Judge's order on a

nondispositive matter, the court will set aside or modify an order only when it is found to be clearly erroneous or contrary to law. Additionally, the Local Rules for the Southern District of Alabama set forth the scope of review of a Magistrate Judge's decision and state that the "district judge shall modify, set aside, or remand to the magistrate judge any nondispositive order or portion thereof found to be clearly erroneous or contrary to law." See LR 72.3(e).

      Exclusion of opinion testimony of plaintiff's expert witness

Plaintiff argues that Magistrate Judge Cassady erred when he did not address the entire 113 page Williams deposition testimony but instead relied upon the nine pages submitted by defendant when he found that Williams' failure to attend an earlier deposition was the result of a fee dispute and not an unexplained and unexpected failure to appear. Plaintiff also argues that Magistrate Judge Cassady erred when he failed to consider that Williams was noticed by plaintiff for further deposition on November 16, 2005 to ascertain an explanation for his failure to appear and plaintiff's request that the court wait to rule until after additional briefing which would follow that deposition. (Docs. 194, 218).

Specifically, plaintiff argues that sections of the deposition transcript beyond the nine pages show that plaintiff and Williams had previously had a long and productive working relationship and that Williams testified that he never set forth to plaintiff in this case any conditions precedent to his appearance, such as payment, or explained his failure to respond to plaintiff's attempts to contact him and provide payment. Plaintiff also points out that the customary 30 days to pay a bill had not passed since Williams' sent the "sudden demand" for full payment and thus, Magistrate Judge Cassady did not consider whether Williams' failure to appear was reasonable in that regard. Plaintiff argues that Magistrate Judge Cassady erred by

2

failing to make a reasonableness determination regarding the actions of Williams and plaintiff, which plaintiff asserts is an elemental consideration when deciding whether to prejudice a party by denying them their key expert. (Docs. 194, 218).

In the motion to strike, defendant sets forth that a fee dispute did occur as found by Magistrate Judge Cassady and it caused Williams to fail to appear at his expert deposition in September although a subsequent fact deposition was taken in October.  Defendant asserts that during the second deposition, testimony was obtained which readily identified a fee dispute and established that Williams still had not been paid. (Doc. 201).[1]  Defendant argues that Magistrate Judge Cassady's failure to delay ruling until after plaintiff's additional briefing which would occur after the continued deposition of Williams (in November) was not an abuse of discretion, clear error, or contrary to law and that plaintiff presents no supporting legal authority for this issue on appeal.  Defendant points out that plaintiff briefed the court on three occasions (Doc. 134, 142, 145) in regard to circumstances surrounding Williams (including the emergency motion for leave to issue a subpoena to Williams (Doc. 134)), thus plaintiff had ample opportunity to brief the court on any possible argument. (Doc. 201).

Analysis

Essentially, plaintiff argues that Magistrate Judge Cassady did not adequately review the record before entering his decision granting defendant's motion to strike plaintiff's expert disclosure and that the inadequate review lead to Magistrate Judge Cassady's erroneous finding that a fee dispute prevented Williams from attending his deposition. (Doc. 188).  Review of

---

[1] Defendant states that Williams initially invoiced plaintiff for $15,000, but that "[w]hat I recall is you calling me and telling me that you and Scanio had had a meeting and had voted to force me to reduce my bill by $5,000, so the most I could send was a $10,000 bill". (Doc. 201, Williams Deposition at 50-51, 107-108).

Magistrate Judge Cassady's order shows that in addition to referencing the deposition, he thoroughly discussed the series of events preceding the failed deposition and afterward, including a discussion of e-mail communications and plaintiff's counsel's attempt to locate Williams at his office. (Id.).

Additionally, plaintiff argues that it is prejudiced by Magistrate Cassady's failure to allow it to brief the court again on defendant's motion to exclude and plaintiff's motion to substitute after the second fact deposition of Williams.  However, as Magistrate Judge Cassady acknowledged, plaintiff filed additional pleadings which reiterated and made clear to him that plaintiff "no longer desires Williams' services as an expert in this case and seeks leave of the court to substitute an expert witness." (Doc. 188, p.7) (noting that "[s]ince these initial motions were filed, each side has weighed in on this issue on at least two other occasions).

Magistrate Judge Cassady offers a comparison to Saudi v. Valmet-Appleton, Inc., 219 F.R.D. 128 (E.D. Wis. 2003) wherein the court granted a motion to exclude an expert witness based on a failure to disclose expert and lay witnesses.  The court found as follows:

> The importance of lay and expert witness disclosures and the harms resulting from a failure to disclose need little elaboration. When one party does not disclose, the responding party cannot conduct necessary discovery, or prepare to respond to witnesses that have not been disclosed, and for whom expert reports have not been provided. In this case, it has been, and continues to be, impossible for Valmet-Appleton even to begin the detailed process of analyzing expert testimony and identifying appropriate responsive testimony.  Absent timely disclosure, Valmet-Appleton cannot timely prepare its defense.

Id. at 134.  The court acknowledges that Saudi arose in the context of a Rule 26(a) disclosure.  However, the basic premise behind granting a motion to exclude, i.e., the inability of the opposing party to conduct necessary discovery, analyze the disclosure and testimony, and prepare its defense, is applicable in this case.

Accordingly, upon consideration of the pleadings and review of Magistrate Judge Cassady's order, the undersigned finds the decision to grant defendant's motion to strike plaintiff's expert witness testimony contains no clear error and is not contrary to law.

Denial of emergency motion for leave to subpoena Williams[2] and to substitute an expert witness

Plaintiff argues that Magistrate Judge Cassady improperly denied its' request to use a substitute expert because of a mis-perception of the delay in making the request and the lack of time before trial for defendant to depose a substitute expert. Plaintiff argues that the request to substitute was filed immediately after Williams failed to show in September and set forth that a substitute expert would adopt his opinion. Thus, plaintiff asserts that defendant would need no additional preparation and would not be prejudiced. Plaintiff submits that it filed its' motion on September 21, 2005 but Magistrate Cassady did not rule until November 17, 2005; therefore, his delayed ruling created the problem of lack of time remaining before trial to depose the substitute expert. Also in regard to time, plaintiff argues that defendant did not assert prejudice by loss of time to depose the substitute expert, but instead argued that it was prejudiced because of loss of time to rebut or respond to the expert testimony at trial. However, plaintiff points out that defendant never disclosed a banking expert, thus it is not unduly burdened on that basis. Plaintiff states that it acknowledges that Williams unexplained departure has caused

---

[2] Although Magistrate Judge Cassady's order addressed the emergency motion for leave to issue a subpoena to Williams, plaintiff's appeal does not appear to address that portion of the order. (Docs. 188 (order), 194 (statement of appeal), 218 (response)). Additionally, Magistrate Judge Cassady found that the portion of the emergency motion seeking leave to issue the subpoena to Williams to explain his failure to appear, was moot because Williams was deposed on October 17, 2005. (Doc. 188, n.3).

inconvenience and resulted in additional expense for defendant and the filing of motions but that the "harsh sanction" of barring plaintiff from substituting an expert is not proper. Plaintiff also argues that because this court has now continued the trial setting, the "leading reason for denying" plaintiff's motion to substitute experts has been eliminated and thus Magistrate Judge Cassady's "belated denial" of plaintiff's motion is "even more clearly erroneous". Plaintiff also argues that since a substitute expert would adopt the position set forth by Williams, defendant's argument that it would decide differently regarding rebuttal testimony as to a substitute expert is without merit and defendant would not prejudiced or surprised by the substitute's testimony. (Docs. 194, 218).

Defendant responds that plaintiff erroneously argues that Magistrate Judge Cassady's delay in ruling rendered his order as the source of loss of time to prepare for trial. Defendant points out that plaintiff's motion to substitute was untimely because plaintiff had already received two extensions of time to name its expert and the schedule for expert disclosure was also amended to extend the time to obtain depositions until October 17, 2005. Defendant argues that despite plaintiff's statement that the new expert would adopt Williams' report, it would be prejudiced because defendant did not name an expert in reliance on the specific designation of Williams because it felt his testimony could be effectively rebutted. (Doc. 201).

Analysis

Plaintiff argues that the case upon which Magistrate Judge Cassady primarily relied, Domke v. McNeil-P.P.C., 1996 WL 567165, is factually dissimilar because in Domke, the plaintiff sought a late supplement to its' expert witness list to add two additional experts including one on an entirely new area of expertise when in the present case plaintiff would substitute an expert in the same area and who would simply adopt the opinion of Williams.

6

However, review of Magistrate Judge Cassady's decision indicates that <u>Domke</u> was cited as authority for a finding that to allow a late substitution of an expert witness, regardless of whether the testimony would be on a new or previously developed aspect, would be time consuming, unduly burdensome and interfere with trial preparation on the part of the defendant. (Doc. 188).[3] Although plaintiff presents cases wherein other courts have allowed substitution of experts later in the litigation stage the findings of those courts do not dictate that Magistrate Judge Cassady's decision based on the specific facts and circumstances before him, be found clearly erroneous or contrary to law.  Instead, the variety of decisions governing motions to substitute expert witnesses indicate that the courts are given substantial latitude to exercise their discretion on this matter.  Therefore, despite plaintiff's argument that Williams' failure to appear occurred for reasons beyond its control and not the result of a fee issue which was within its control, after review of the pleadings and the order, the court finds that Magistrate Judge Cassady's decision that the court should not now unduly burden defendant with preparation for another expert's deposition and prejudice defendant by it prior decision not to name its' own rebuttal expert based on the identity of plaintiff's expert witness, when "plaintiff is solely responsible for Williams' deposition not being taken in the first place" is not clearly erroneous or contrary to law.  (Doc. 188, p.11).

      <u>Authority of Magistrate Cassady to rule on the motion to exclude Williams</u>

---

[3] Magistrate Judge Cassady quoted the following text from <u>Domke</u>: "Experts must be identified in a timely manner so the opposing party has time to act upon the information . . . Defendant has already named its expert based on Plaintiff's list as of April 15, 1996.  Although the Plaintiff has agreed to allow her new experts to be deposed at the Defendant's 'convenience', deposing experts is time consuming and the Defendant will be unduly burdened. Additional duties frequently arise after the pretrial conference, which Defendant must contend with, in addition to Defendant's own last minute trial preparation.") (Doc. 188, p.11-12).

Plaintiff briefly argues that if this court later rules "either at trial or before, that plaintiff is required to adduce expert testimony to support its claim for relief in this action, . . . such a ruling would render the Magistrate's November 17, 2005 decision dispositive of the case, [and] thus outside the grant of authority to the Magistrate[.]" (Doc. 194). Plaintiff asserts that it may "potentially suffer great prejudice" by the loss of its expert if defendant argues or the court rules that expert testimony is required on any banking issue. (Doc. 218).

Defendant responds that plaintiff cites to no case law in support of this contention and that Magistrate Judge Cassady's order was entered pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(a). Thus, defendant argues that Magistrate Cassady was acting within his authority when he entered the ruling. (Doc. 201).

Analysis

Magistrate Judge Cassady found that plaintiff failed to make a "showing that it lacks any other means to establish the reasonable banking practices applicable in this case." (Doc. 188). As defendant points out, plaintiff presents no case law to support its theory that this court may require or that any court has required expert testimony on reasonable banking practices. Also, plaintiff presents no case law or statute to support its argument that the decision of a Magistrate Judge to grant a motion to exclude expert witness testimony based on discovery violations and to deny a motion to substitute an expert witness, is dispositive of the case and thus beyond the authority of a Magistrate Judge.[4] Accordingly, the undersigned finds that Magistrate Judge

---

[4] See Torres-Negron v. Rivera, 2005 WL 1308675, *2 (D. Puerto Rico 2005) ("The Federal Magistrates 'Act confer[s] explicit authority upon district courts to designate magistrate judges to hear pretrial motions,' such as the motion to exclude an expert witness filed by Torres. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); 28 U.S.C. § 636(b)(1)(A). Given that the motion to exclude an expert is within the ambit of section 636(b)(1)(A) and is not [] excepted by said section, the district court can revise it only if 'it has

Cassady's decision was not clearly erroneous or contrary to law.

      Timeliness

      Defendant moves to strike plaintiff's statement of appeal as untimely because it was filed on December 8, 2005 which is greater than ten days after being served with a copy of the order which was docketed and served on November 17, 2005. (Doc. 200).  Plaintiff responds that the appeal was timely filed in accordance with the Federal Rules of Civil Procedure and with the law of the case as established by this court's prior order. (Doc. 218).  However, for the reasons set forth in plaintiff's response, the court finds that plaintiff's appeal is timely.

## CONCLUSION

      The undersigned has carefully reviewed Magistrate Judge Cassady's prior order, the pleadings of the parties and the law presented in their respective arguments and for the reasons set forth herein, finds that Magistrate Judge Cassady's decision on these nondispositive matters is not clearly erroneous or contrary to law.  Accordingly, plaintiff's appeal (Doc. 194) is **DENIED** and defendant's motion to strike is **DENIED** (Doc. 200).

      **DONE** this the 3rd day of March, 2006.

                                                  **s/ Kristi K. DuBose**
                                                  **KRISTI K. DuBOSE**
                                                  **UNITED STATES DISTRICT JUDGE**

---

been shown that the magistrate's order is clearly erroneous or contrary to law.' Id.").